THE STATE, EX REL. CLAUDIA LEA PHELPS, AS EXECU-
TRIX OF AND TRUSTEE UNDER THE LAST WILL AND
TESTAMENT OF SHEFFIELD PHELPS, DECEASED, ET
AL., RELATORS, v. THE BOROUGH OF FORT LEE IN
THE COUNTY OF BERGEN, A MUNICIPAL CORPORA-
TION, ET AL., DEFENDANTS.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Gross & Gross* (*Joel Gross*).

For the respondent, *Warren Dixon, Jr., pro se.*

The opinion of the court was delivered by

CASE, J.   Upon the going down of the record in the above
entitled cause subsequently to our decision reported in 118
*N. J. L.* 181, Mr. Warren Dixon, Jr., attorney for the inter-
vening trustees, successful parties in the litigation, filed a
petition in the Supreme Court seeking to have that court
ascertain and determine the amount of compensation to which
he was entitled for his services and to impress the amount
so to be ascertained and determined as a lien on the funds
held by the borough of Fort Lee to satisfy the claims of the
intervening trustees.   The Supreme Court opinion is to be
found in 15 *N. J. Mis. R.* 511.   An order was entered
impressing a lien and directing the framing of an issue to
determine the nature and compensable value of the services
rendered.   That was in accordance with the practice suggested
in *Artale* v. *Columbia Insurance Co.,* 109 *N. J. L.* 463, for
enforcing the lien provided by chapter 201, *Pamph. L.* 1914.
Incidentally the order directed that the entire sum recovered

by the trustees be meanwhile held by the clerk of the Supreme Court subject to further order. From that order and at that juncture Mr. Daniel T. O'Regan, substituted in the place of the intervening trustees named in the original proceedings, took the appeal now before us. In the brief presented in his behalf it is argued, first, that there exists no lien in favor of Mr. Dixon under the 1914 statute; second, that there is no attorney's lien in Mr. Dixon's favor at common law; third, that Mr. Dixon's application should be denied for failure to comply with statutory requirements; fourth, that the order appealed from was a modification of the earlier judgment which the Court of Errors and Appeals had affirmed and which, therefore, the Supreme Court had no power to modify; fifth, that the Supreme Court erred in not releasing that portion of the fund which is in excess of the amount necessary to satisfy Mr. Dixon's claim. The last point is now moot for the reason that by consent of the parties consequent to a motion before us the excess portion of the fund was released.

We consider that the appeal is premature. The order appealed from is but a step in the proceeding initiated by an attorney to have his charges determined and paid from a fund. An appeal lies only from a final judgment as to all issues and to all parties. *Hoffman Associates, Inc.,* v. *Snook,* 112 *N. J. L.* 68. The proceeding will not be finally concluded until the amount of compensation is fixed and judgment fastened upon the fund. Further grounds for appeal may yet arise. Therefore, the appeal will be dismissed without prejudice to an appeal at the final determination and to the presentation thereon by the present appellant of all his points now advanced. Beyond the finding that the appeal is premature we are not to be understood as approving or disapproving of any of the steps taken in the procedure to obtain and give effect to the lien; and this applies also to any question, if such there be, left open on the intermediate motion.

The appeal will be dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.